IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KAREN GUICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11 C 8616 |
| | ) |
| JOHN BRYSON, SECRETARY UNITED | ) |
| STATES DEPARTMENT OF COMMERCE | ) |
| (BUREAU OF CENSUS), | ) |
| | ) |
| Defendant. | ) |

# **OPINION AND ORDER**

Plaintiff Karen Guice brings this action against defendant John Bryson, Secretary of the United States Department of Commerce, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, claiming damages from wrongful termination of her employment with the United States Census Bureau because of her African-American race. Plaintiff has fully complied with the procedural requirements of Title VII by filing a charge of discrimination with the EEOC and exhausting all administrative requirements for suit. On June 15, 2009, plaintiff received a right-to-sue letter from the EEOC and brought this action within the allowed time period. This Court has jurisdiction pursuant to 42 U.S.C. § 2000e-5 and 28 U.S.C. §§ 1391 and 1343.

The case is now before the court on defendant's motion for summary judgment. Summary judgment is appropriate if the evidence in the record shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The entire record is considered with all reasonable inferences drawn in favor of the nonmovant and all factual disputes resolved in favor of the nonmovant. ***Crawford v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.***, 555 U.S. 271, 274 n.1 (2009); ***Malen v. MTD Prods., Inc.***, 628 F.3d 296, 303 (7th Cir. 2010); ***Stokes v. Bd. of Educ. of City of Chicago***, 599 F.3d 617, 619 (7th Cir. 2010). The burden of establishing a lack of any genuine issue of material fact rests on the movant. ***Ponsetti v. GE Pension Plan***, 614 F.3d 684, 691 (7th Cir. 2010); ***Outlaw v. Newkirk***, 259 F.3d 833, 837 (7th Cir. 2001). The nonmovant, however, must make a showing sufficient to establish any essential element for which she will bear the burden of proof at trial. ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322 (1986); ***Montgomery v. Am. Airlines, Inc.***, 626 F.3d 382, 389 (7th Cir. 2010). The movant need not provide affidavits or deposition testimony showing the nonexistence of such essential elements. ***Celotex***, 477 U.S. at 324; ***Freundt v. Allied Tube & Conduit Corp.***, 2007 WL 4219417 *2 (N.D. Ill. Nov. 29, 2007); ***O'Brien v. Encotech Constr.***, 2004 WL

609798 *1 (N.D. Ill. March 23, 2004).  Also, it is not sufficient to show evidence of purportedly disputed facts if those facts are not plausible in light of the entire record.  See **Lorillard Tobacco Co. v. A & E Oil, Inc.**, 503 F.3d 588, 594-95 (7th Cir. 2007); **Yasak v. Ret. Bd. of Policemen's Annuity & Benefit Fund of Chicago**, 357 F.3d 677, 679 (7th Cir. 2004); **Lampley v. Mitcheff**, 2010 WL 4362826 *6 (N.D. Ind. Oct. 27, 2010).  As the Seventh Circuit has summarized:

> The party moving for summary judgment carries the initial burden of production to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." **Logan v. Commercial Union Ins. Co.**, 96 F.3d 971, 978 (7th Cir. 1996) (citing **Celotex Corp. v. Catrett**, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986) (citation and internal quotation omitted)).  The moving party may discharge this burden by "'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." **Celotex**, 477 U.S. at 325, 106 S. Ct. 2548.  Once the moving party satisfies this burden, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The nonmovant must do more, however, than demonstrate some factual disagreement between the parties; the issue must be 'material.'" **Logan**, 96 F.3d at 978. "Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute." **Id.** (citation omitted).  In determining whether the nonmovant has identified a "material" issue of fact for trial, we are guided by the applicable substantive law; "[o]nly disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary

judgment." *McGinn v. Burlington Northern R.R. Co.*, 102 F.3d 295, 298 (7th Cir. 1996) (citation omitted). Furthermore, a factual dispute is "genuine" for summary judgment purposes only when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505 (1986). Hence, a "metaphysical doubt" regarding the existence of a genuine fact issue is not enough to stave off summary judgment, and "the nonmovant fails to demonstrate a genuine issue for trial 'where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . .'" *Logan*, 96 F.3d at 978 (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986)).

*Outlaw*, 259 F.3d at 837.

On December 8, 2008, plaintiff was hired as a clerk with the Census Bureau. She was to assist with preparation for the Bureau's 2010 Decennial Census. A clerk performs functions associated with office processing, field operations, recruiting, and testing. In January 2009, plaintiff was transferred to the Chicago Early Local Census Office ("ELCO") where she continued to work as a clerk. Approximately 80 to 90% of the staff in that office was African-American. The supervisors, managers, and director were African-American. The racial demographics of co-workers and superiors is evidentiary, but not dispositive of non-discrimination; there is no presumption that a member of a protected group

will not discriminate against another member of the group.  *See* ***Haywood v. Lucent Techs., Inc.***, 323 F.3d 524, 530 (7th Cir. 2003).

Plaintiff's initial appointment of two months was extended to April 8, 2009.  On March 9, 2009, her employment was terminated.  Defendant states plaintiff was terminated because of lack of work.  Plaintiff was later rehired in a lower-paid position as an enumerator three times:  April 13, 2009 to May 3, 2009; September 1, 2009 to October 25, 2009; and March 24, 2010 to May 15, 2010.  However, she was not rehired by the supervisors responsible for her termination as a clerk.

Plaintiff states that the defendant engaged in hiring and discharge practices that disproportionately impacted African-America employees.  The Census Bureau produced several documents that reflect the hiring, firing, and racial demographics of the clerks working at ELCO at the same time as plaintiff.  Data show that 25 clerks, including plaintiff, where hired between November 1, 2008 and April 30, 2009.  Nine out of the 17 African-American clerks who were hired in this time frame were let go for "lack of work."  The average length of employment for an African-American clerk was 278 days.  The average length of employment for a Caucasian clerk was 401 days before being released for lack of

work. The average length of time for Caucasian clerks who were terminated for any reason was 340 days. For Africa-Americans, it was 256 days.

Plaintiff also asserts that there was no lack of work at ELCO when she was terminated. She was discharged approximately three weeks after ELCO hired seven additional clerks, three of whom were Caucasian, representing an expansion of the total work force in the office by fifty-percent. Earlier in February 2009, plaintiff was notified by one of her superiors that, due to her good performance, she would be partaking in the next phase of the census operations.

There is a dispute as to whether any other clerk was discharged for lack of work at the same time as plaintiff. Defendant points to one other termination for lack of work at the same time that plaintiff was discharged. Plaintiff states that this termination was determined at an earlier date and that it was for cause.

There is conflicting evidence in the administrative record as to the work level at the time plaintiff was terminated. There is also information in the administrative record reflecting her supervisor's evaluation of her performance which plaintiff says is inconsistent with the assigned reason for termination.

Plaintiff concedes that she has no direct evidence of race discrimination. Instead, she contends that discrimination will be established through the indirect,

burden-shifting method set forth in ***McDonnell Douglas Corp. v. Green***, 411 U.S. 792, 802-804 (1973), and its progeny.  The burden of establishing a *prima facie* case of disparate treatment is not onerous.  ***Tex. Dep't of Cmty. Affairs v. Burdine***, 450 U.S. 248, 253 (1981).  Plaintiff must first establish that:  (1) she is a member of a protected class, (2) her job performance was meeting her employer's legitimate expectations, (3) she was subject to a materially adverse employment action, and (4) the employer treated similarly situated employees outside the protected class more favorably.  ***Goodwin v. Bd. of Trustees of Univ. of Ill.***, 442 F.3d 611, 617 (7th Cir. 2006).  Once a *prima facie* case is established, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the decision to terminate plaintiff's employment.  Plaintiff must then show that the proffered reason for termination was a pretext to hide discrimination.  ***Id.*** at 617-18.

Defendant does not contest the first three elements of plaintiff's *prima facie* case, but contends plaintiff cannot identify a clerk at ELCO outside of her protected class who was treated more favorably than she.  Plaintiff first responds by pointing to employment data which she contends disproves defendant's reason.

Statistics and data compilations can be used to establish a case of disparate treatment. *See* **Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.**, 328 F.3d 309, 320 (7th Cir. 2003). Defendant challenges what can be concluded from the data singled out by plaintiff. It may well be that the data will not be sufficient to support a statistics finding in favor of plaintiff because the comparison will be too weak. The greater percentage of ELCO employees are African-American. However the necessary data analysis cannot be made in connection with this motion for summary judgment.

In support of her contention that she was not terminated for lack of work, plaintiff points to the staff hiring just a few weeks before she was terminated. She also argues that an EEOC counselor's report of an interview in which her superior made the inconsistent statements that: plaintiff "had attendance problems," "was not a dependable person," "was not the best worker," and "the decision to release her [was] an easy one." Defendant states that the statements are quoted out of context and do not support that the reason for her termination was not lack of work. Under what circumstances the statements were made are fact issues that cannot be resolved on summary judgment.

Accordingly, it is concluded that disputed fact issues require that defendant's motion for summary judgment to be denied.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment [80] is denied. This case is set for a hearing on status at 2:00 p.m. on April 9, 2015.

ENTER:

*[signature]*
UNITED STATES DISTRICT JUDGE

DATED: MARCH 19, 2015